**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FIDEL MARTINEZ-RODRIGUEZ, | No. 10-72264 |
| Petitioner, | Agency No. A087-450-696 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Fidel Martinez-Rodriguez, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review de novo questions of law, *Vargas-Hernandez v. Gonzales*, 497

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 919, 921 (9th Cir. 2007), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the order of removal entered against Martinez-Rodriguez because his 1996 conviction for possession of cocaine renders him removable by reason of having committed a criminal offense relating to a controlled substance. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1252(a)(2)(C); *Perez-Mejia v. Holder*, No. 07-70118, 2011 WL 5865888, at *5 (9th Cir. Nov. 23, 2011) (the immigration judge may rely on an alien's factual admissions at the pleading stage of removal proceedings in determining whether a conviction qualifies as a removable controlled substance offense).

Martinez-Rodriguez's contention that the agency erred and violated his right to due process by failing to reopen his proceedings sua sponte is not a colorable legal or constitutional claim. *See Vargas-Hernandez*, 497 F.3d at 921; *Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011). Martinez-Rodriguez's contention that the agency violated his right to due process by refusing to allow him to apply for suspension of deportation fails because he has not demonstrated that the alleged error may have affected the outcome of his proceedings. *See Vargas-Hernandez*, 497 F.3d at 926.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**